UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JOHN OTTO RANDLE,

    Plaintiff,

v.

MPLS. POLICE DEPARTMENT
(3RD PRECINCT), Officer - CHRISTIE
NELSON, Mr. CURTISS CLARIN,
Officer - KRISTOPHER KRAMER,
Officer GREAVES, Officer - MARK
SUCHTA, Officer - GARY WESTWND,
Officer - DEREK CHAUVIN, and
Officer - ANTHONY SMITH,

    Defendants,

Civil File No. 06-4429 (RHK/AJB)

**ORDER**

Plaintiff, an inmate at the Minnesota Correctional Facility at Lino Lakes, Minnesota, has filed a complaint seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. (Docket No. 1.) Plaintiff did not pay any filing fee for this action, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) That application is now before the Court, and must be addressed before any further action is taken in this matter.

Because Plaintiff is a prisoner, (see 28 U.S.C. § 1915(g)), his IFP application is subject to the requirements set forth at 28 U.S.C. § 1915(b), which provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–
>     (A) the average monthly deposits to the prisoner's account; or

>>(B) the average monthly balance in the prisoner's account for the
>>6-month period immediately preceding the filing of the complaint
>>. . .
>
>(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
>(3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . .
>
>(4) In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute, prisoners who are granted IFP status are not excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In this case, Plaintiff's IFP application includes a "Certificate" section, which provides information pertaining to his inmate trust account, (as required by 28 U.S.C. § 1915(a)(2)). According to that information, Plaintiff's average monthly trust account deposit during the

2

preceding six months was $26.62, and his average monthly balance during the same period was $33.20. Because the average monthly balance amount is greater than the average monthly deposit amount, Plaintiff's initial partial filing fee, under the formula prescribed at § 1915(b)(1), will be twenty percent (20%) of his average monthly balance, which is $6.64, ($33.20 x 20% = $6.64). Plaintiff must pay that amount as an initial partial filing fee before this action will be allowed to proceed.

If Plaintiff pays his initial partial filing fee and this action does proceed, the remaining balance of the $350.00 filing fee will have to be paid in later installments. In addition, Plaintiff's complaint will have to be reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), to determine whether he has stated a claim on which relief may be granted. Only if Plaintiff's pleading survives such review will the Court grant IFP status, and order that a summons be issued and that Defendants be served by the U.S. Marshal.[1] If the initial partial filing fee is not paid within twenty (20) days, Plaintiff will be deemed to have abandoned this action, and it will be recommended that the case be summarily dismissed without prejudice for lack of prosecution. See Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein,

---

[1] Based on a cursory examination of Plaintiff's complaint, it appears doubtful that this case can survive the initial review process. To state a cause of action on which relief can be granted, a plaintiff must plead historical facts, which if proven true, would cause the named defendant(s) to be liable to the plaintiff. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions") (emphasis added). In this case, Plaintiff has pleaded no facts at all, but rather, his complaint is nothing more than a brief list of bare legal conclusions. In light of the apparent inadequacy of Plaintiff's complaint, he should carefully consider whether it would be worthwhile to commit himself to spending $350 to pursue this action.

**IT IS HEREBY ORDERED** that:

Within twenty (20) days after the date of this order, Plaintiff shall pay an initial partial filing fee of not less than $6.64, failing which it will be recommended that the action be dismissed without prejudice.

Dated: November 13, 2006

                                           s/ Arthur J. Boylan
                                           ARTHUR J. BOYLAN
                                           United States Magistrate Judge