UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN OTTO RANDLE,<br><br>    Plaintiff,<br><br>    v.<br><br>MPLS. POLICE DEPARTMENT<br>(3RD PRECINCT), Officer - CHRISTIE<br>NELSON, Mr. CURTISS CLARIN,<br>Officer - KRISTOPHER KRAMER,<br>Officer GREAVES, Officer - MARK<br>SUCHTA, Officer - GARY WESTWND,<br>Officer - DEREK CHAUVIN, and<br>Officer - ANTHONY SMITH,<br><br>    Defendants, | Civil File No. 06-4429 (RHK/AJB)<br><br>**REPORT AND RECOMMENDATION** |

    This matter is before the undersigned United States Magistrate Judge on Plaintiff's request for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a).  (Docket No. 2.)  The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this case be dismissed without prejudice.

    Plaintiff, an inmate at the Minnesota Correctional Facility at Lino Lakes, Minnesota, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.)  He did not pay the $350 filing fee required by 28 U.S.C. § 1914(a), but instead submitted the application to proceed IFP that is now before the Court.

    Because Plaintiff is a prisoner, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA").  This means, inter alia, that he must pay

an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

In this case, the initial partial filing fee that Plaintiff is required to pay under the formula prescribed by § 1915(b)(1) is $6.64.  However, Plaintiff did not tender this statutorily required initial partial filing fee with his complaint and IFP application.  Therefore, by order dated November 13, 2006, (Docket No. 3), Plaintiff was directed to pay his initial partial filing fee of $6.64 within twenty days.  The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline by which Plaintiff was required to pay his initial partial filing fee has now passed, and Plaintiff has not tendered the payment due.  In fact, Plaintiff has not communicated with the Court at all since he filed his complaint.  Therefore, in accordance with the Court's prior order of November 13, 2006, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").[1]

---

[1] The Clerk's Office has pointed out that there are some problems in this case that may have precluded this action from going forward even if the initial partial filing fee had

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: December 12, 2006

            s/ Arthur J. Boylan
            ARTHUR J. BOYLAN
            United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before December 28, 2006.

---

been paid. Most notably, the caption of the complaint suggests that there may be two more plaintiffs in this action besides John Otto Randle, namely "Johntez Leondus Randle" and "Shannon Hudson," and they have not signed the complaint. Furthermore, neither one of those possible plaintiffs has paid the filing fee for this action, or applied for leave to proceed IFP. These additional anomalies re-enforce the Court's determination that this action should not go forward.